Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT
## for the
### District of Maine
### Division

2018 SEP 18 A 11: 27

Mayra Alejandra Galdo Meléndez )
)
*Plaintiff(s)* )
*(Write the full name of each plaintiff who is filing this complaint.* )
*If the names of all the plaintiffs cannot fit in the space above,* )
*please write "see attached" in the space and attach an additional* )
*page with the full list of names.)* )
-v- )
)
)
)
)
)
Gustavo Faverón Patriau )
)
*Defendant(s)* )
*(Write the full name of each defendant who is being sued. If the* )
*names of all the defendants cannot fit in the space above, please*
*write "see attached" in the space and attach an additional page*
*with the full list of names.)*

Case No. 2:18-cv-377-JAW
*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)* ☑ Yes ☐ No

## COMPLAINT FOR A CIVIL CASE

### I. The Parties to This Complaint

#### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Mayra Alejandra Galdo Meléndez |
| Street Address | 6 Invernia St. Apt 1. |
| City and County | Attleboro |
| State and Zip Code | MA 02703 |
| Telephone Number | 7743001462 |
| E-mail Address | mayra.galdo@gmail.com |

#### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 1

| | |
|---|---|
| Name | Gustavo Faverón Patriau |
| Job or Title *(if known)* | Writer, Literature professor |
| Street Address | 26 Belmont St |
| City and County | Brunswick |
| State and Zip Code | ME 04011-3053 |
| Telephone Number | 207-729-0797 and 207-798-4165 |
| E-mail Address *(if known)* | gfaveron@gmail.com, gfaveron@bowdoin.edu |

Defendant No. 2

Name
Job or Title *(if known)*
Street Address
City and County
State and Zip Code
Telephone Number
E-mail Address *(if known)*

Defendant No. 3

Name
Job or Title *(if known)*
Street Address
City and County
State and Zip Code
Telephone Number
E-mail Address *(if known)*

Defendant No. 4

Name
Job or Title *(if known)*
Street Address
City and County
State and Zip Code
Telephone Number
E-mail Address *(if known)*

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☐ Federal question         ☒ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

   a. If the plaintiff is an individual
      The plaintiff, *(name)* Mayra Alejandra Galdo Meléndez, is a citizen of the State of *(name)* Peru.

   b. If the plaintiff is a corporation
      The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____
      and has its principal place of business in the State of *(name)* _____.

   *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

   a. If the defendant is an individual
      The defendant, *(name)* Gustavo Faverón Patriau, is a citizen of the State of *(name)* Maine. Or is a citizen of *(foreign nation)* _____

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

    b.    If the defendant is a corporation

The defendant, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____

Or is incorporated under the laws of *(foreign nation)* _____

and has its principal place of business in *(name)* _____

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

The amount at stake of this controversy is of at least $1,045,000, including compensatory damages, damages for emotional distress, damages for violation of privacy, and punitive damages.

## III.   Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

1. On September 26, 2016, Gustavo Faverón posted in his blog "Puente Aereo" his answer to the accusations of online sexual harassment made by several young women. One of the women that accused the defendant was Tania Sotelo, a friend of the plaintiff.

   The defendant's publication includes lies, misleading and defamatory statements against the plaintiff, as an attempt to cover, distract the public attention and discredit the women that were accusing him.

   In this response, the defendant also rejects the harassment accusations by saying that "he was hacked", that the accusations were part of a "campaign" and suggesting that there was a political motive behind.

   The accusations against the defendant began on September 14, 2016 when the plaintiff used her Twitter account to post screenshots of a conversation between the defendant and Tania Sotelo, which proved that the defendant, using his Facebook account, had insisted for years to have a sexual encounter with Tania Sotelo. After this first accusation, other women also gave testimonies and showed evidence to Peruvian journalists about how they received unsolicited messages with sexual content from the defendant.

   The accusations basically showed a pattern that was qualified by Peruvian feminists as online sexual harassment and evidenced that the defendant was a hypocrite: the defendant is a public figure that had shown support to feminist causes and used Facebook to pontificate about morality.

   After the accusations, the defendant deleted his Facebook account and had to create a new one.

2. In his response, the defendant portrayed the plaintiff as a person obsessed with him, that "pursed him" and that was constantly rejected by him. This is not true. The plaintiff and the defendant had a relationship that could be regarded as friendship, which started on 2009, when the plaintiff was 20 or 21 and the defendant was 42 or 43.

   The defendant claimed that he received several invitations by the plaintiff to see him in person that he rejected. This did not happen. The only time the plaintiff invited him was on January 2015. The defendant conveniently shows the emails inviting him, but he does not present the answers he gave accepting to go, and lies about it by saying he never went, when he actually did.

   The publication aimed to portray the plaintiff as an obsessed person, the defendant also claims that in a Literature workshop organized by RedLit the plaintiff was "on the first line". This workshop was an event opened to the public, and there were not even lines, but only a few people sited on a living room. This is a lie.

3. Violating the right to privacy of the plaintiff, the defendant selectively posted private emails written by the plaintiff, which were published without her consent. These emails, without a proper context, make the plaintiff look as an obsessed individual and mentally disturbed person. These emails include jokes that were made in the context of the relationship the plaintiff and the defendant had. The emails also included private sexual information about the plaintiff, which the defendant had no right to spread and make public.

4. The defendant also describes an incident in a restaurant called Pitahaya, and he claims that the plaintiff asked the defendant to sit with her and her friend Tania Sotelo. This never happened.

5. The defendant accuses the plaintiff of having "coordinated" with other people to make the accusations against him. This is a lie. The plaintiff does not have any relationship with the other women that accused the defendant neither she coordinated with them. As any other case of sexual misconduct, many women have the courage to make an accusation after the first person speaks up. In this case, after the screenshots of the conversations between Tania Sotelo and the defendant were posted, other young women were led and decided to speak up about her experiences with the defendant.

6. The defendant affirms that the plaintiff is within a group of people plotting against him, which also includes the "fastest journalist of Peru", which were manipulating the testimonies and forging new ones. This is another lie of the defendant.

7. The defendant argues that a lawyer supporting the plaintiff admitted him that the plaintiff had lie to her. This is simply not true.

8. The undeniable fact is that, for years and using Facebook, the defendant intended to have a sexual encounter with Tania Sotelo, which she never accepted. This was the concrete fact and accusation, and the defense outlined by the defendant had no other intention but to discredit and to silence the plaintiff. This kind of defense is common in a sexual misconduct case: the person accused tries to discredit the victims or the accusers by calling them liars, crazy or by talking of their sexual past.

   Indeed, before the defendant posted his response, the plaintiff received messages where a friend of the defendant and the defendant himself (through a Facebook account that did not have his name) said that if the plaintiff did not unsay the accusation, the defendant would release personal information about her, which in fact happened. This shows that the defendant acted with malice when he posted the statements against the plaintiff.

9. This defamatory post was shared on Facebook and Twitter not only by followers, family and friends of the defendant, but by the First Lady of Peru, Nadine Heredia and by the well-known Peruvian journalist, Rosa María Palacios on their respective Twitter accounts. Both of these persons have more than 1 million followers in Peru. The number of followers gives an idea of the huge impact and significant damage caused by the defendant to the plaintiff's honor and reputation.

   After the defamatory post published by the defendant, the plaintiff was ridiculed and bullied on Facebook, being described as a crazy, sick person that harassed the defendant. Moreover, this publication led the plaintiff to be harassed by several accounts on Twitter, which posted not only insults against her but also private information (as banking information, properties, information about her family, etc.). In particular, one troll account made a lot of efforts trying to defend the defendant of the accusations and the plaintiff became a target of this account after the publication made by the defendant.

   As a result of this defamatory publication, the plaintiff suffered embarrassment, humiliation and mental distress. Her family threatened her to leave their house. All the emotional distress generated by the publication made by the defendant caused the plaintiff to lose concentration in her daily activities and ultimately led the plaintiff to lose her job in the law firm she worked at. The plaintiff had to leave Peru and moved to the United States.

10. At the time of filing this complaint, the defamatory publication the defendant made in his blog is no longer available. The defendant deleted it after the plaintiff moved to the United States.

## IV.  Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

The relief claim is as follows:

1. $45,000 for compensatory damages generated for the loss of the plaintiff's job,
2. $300,000 for emotional distress,
3. $200,000 for violation of privacy,
4. $500,000 for punitive damages,
5. And any such other relief that the court deems fit.

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 09/18/18

Signature of Plaintiff

Printed Name of Plaintiff    Mayra Alejandra Galdo Meléndez

### B. For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address