UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MAYRA ALEJANDRA GALDO MELENDEZ,<br><br>Plaintiff<br><br>v.<br><br>GUSTAVO FAVERON PATRIAU,<br><br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No.: 2:18-cv-377-JAW<br>)<br>)<br>)<br>)<br>) |

**Plaintiff's Memorandum For Local Rule 56(h) Pre-Filing Conference**

Pursuant to the Court's Procedural Order (ECF No. 17), Plaintiff Mayra Alejandra Galdo Meléndez files this pre-conference memorandum as a response to the pre-conference memorandum filed by Defendant Gustavo Faverón Patriau.

As mentioned, on September, 2016 the Defendant was accused by several women of sending them obscene messages online and provided screenshots of conversations with the Defendant as evidence against him. One of these women was Tania Sotelo, a friend of the Plaintiff. The Plaintiff was not an accuser, but a person that posted on her <u>anonymous</u> Twitter account the screenshots that were provided by Tania Sotelo and upheld (and still upholds) the accusation of her friend against the Defendant. The media picked up the case because the Defendant is a public person in Peru.

On September 28, 2016, approximately two weeks after the accusations started, the Defendant posted his response on his blog ("the Post"), which was later shared on national newspapers and on social media by public figures in Peru (including the ex-First Lady Nadine

1

Heredia and the journalist Rosa Maria Palacios, both acquaintances of the Defendant). Using a coarse *ad hominem* strategy, the Defendant focused on the Plaintiff to rest credibility to the accusations he was facing, to victimize himself and to retaliate against her. This Post that defamed the Plaintiff and invaded her privacy cannot be considered as a legitimate self-defense.

### Basis for opposing Motion for Summary Judgment

The Defendant's Motion for Summary Judgment must be denied considering that the Plaintiff has enough probative evidence to support the elements of her claim. As the Defendant concedes "the Post speaks for itself".

### Issues for opposing Motion for Summary Judgment

I.    <u>Defamation</u>. The Plaintiff rejects the characterization of her persona as a "limited purpose public figure" because she did not thrust herself as Mayra Galdo to the forefront of the controversy concerning the Defendant. The Plaintiff never revealed her name, but used a Twitter account which does not identify her as Mayra Galdo, exercising her right to speak anonymously. *See Doe v. 2TheMart.com Inc.,* 140 F.Supp.2d 1088 (W.D. 2001). It was the Defendant's Post the action that thrust the Plaintiff to the public for the first time.

Notwithstanding, even assuming that the standard of proof is malice, evidence shows that the Defendant acted with reckless disregard of the truth, with the sole objective of damaging the credibility of the Plaintiff and retaliating against her. Via Facebook messages, the Defendant told Irina Marquina to tell the Plaintiff that if she did not take back her testimony against the Defendant he would publish a post against the Plaintiff containing private information. This fact is in dispute because the Defendant has denied this under oath; even if there is convincing evidence that he acted in this way.

Furthermore, because the Defendant in fact sent unwanted messages to the women accusing him, he had to know that the Plaintiff was not forging testimonies. Evidence shows that the Post was not published with good faith since he had no real basis for the speculations he made. *See Amant v. Thompson,* 390 U.S. 727 (1968).

A communication is defamatory if tends to expose the plaintiff to public hatred, contempt or ridicule, or deprive her of the benefit of public confidence or social intercourse. *See Briola v. Bass Publ'g Co.,* 25 A.2d 489, 490 (Me. 1942) and *Brown v. Guy Gannett Publ'g Co.*, 82 A.2d 797, 798 (Me. 1951). In his publication, the Defendant refers to the accusations as an "operation", an "orchestrated move" that "had the style of fujitrolls" (which are Internet trolls that support the ex-President and dictator Fujimori and attack their political opponents online), and also refers directly to the Plaintiff, mentioning her name. The Defendant accused the Plaintiff of "being the person behind <u>all</u> of it", that the accusations "came from" the Plaintiff, and accused the Plaintiff of having "coordinated that other people joined".

The Defendant also accused the Plaintiff of "stalking him for years" and accused her of being part of a whole group of people that included the fastest journalist in Peru (Marco Sifuentes) that was plotting, manipulating and forging testimonies against him. Additionally, the Defendant expressly mentioned that Irina Marquina told him that she had "realized that Mayra (Plaintiff) had been lying to her", which has been denied by Irina Marquina.

All of these statements are defamatory *per se* and are sufficiently factual not to be considered just a mere opinion of the Defendant protected by the First Amendment. Considering that the Plaintiff worked as a lawyer in Peru, the allegation that she was lying and forging testimonies was especially damaging for her reputation and career. Additionally, evidence shows how after the publication of the Post, the Plaintiff was publicly humiliated and ridicule online.

For purposes of defining if the Post is or not defamatory, the Court must not only consider each of the statements, but look to the "totality of the circumstances". *See Lester v. Powers,* 586 A.2d 65, 71 (Me. 1991).

Defendant also argues that the Plaintiff did not suffer "actual damages". This is not true. The Plaintiff has claimed that she lost her job, was not able to find a job after and due to the harassment she suffered after the publication of the Post took the decision to leave her country. Actual injury is not limited to out-of-pocked loss and must include emotional injuries, loss of enjoyment, pain and suffering, personal humiliation, impairment of reputation and standing in the community. *See Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 349 (1974), *Curtis v. Porter*, 784 A.2d 18, 19 (Me. 2001)*; Rippet v. Bemis,* 672 A.2d 82, 88 (Me. 1996); *Saunders v. VanPelt*, 497 A.2d 1121, 1126 (Me. 1985). Emotional injury damages and punitive damages will have to be determined by the jury.

II.     <u>Invasion of Privacy: False Light</u>. The emails posted by the Defendant, plus other allegations and statements of the Defendant portray an image of the Plaintiff as a mentally disturbed person that was constantly rejected by the Defendant. The Defendant mentions that he never accepted any invitation of the Plaintiff and that the Plaintiff used to go to his public presentations. It is not true that the Defendant never accepted any invitation, because the Defendant accepted to go to the bar Sargenrto Pimienta on January 10, 2015. In his post, the Defendant lies and says that he did not go. In this publication, the Defendant avoids showing his answers to the emails sent to the Plaintiff, which now have been provided as evidence. Furthermore, during all the years of the relationship between the Defendant and the Plaintiff, the Plaintiff went to only 3 of the Defendant's public presentations. The Plaintiff contends that she was not "on the first row", "looking at the Defendant" all the time in these events, as the

4

Defendant claims to portray the Plaintiff as an obsessed fan that stalked him. The Defendant also claims that the Plaintiff offered him to sit with her and her friend Tania Sotelo when they all encounter at the bar Pitahaya, Miraflores. This never happened. This statement is again part of the Defendant's strategy to place Plaintiff in a false light before the public to impair her credibility.

    III.    <u>Invasion of Privacy: Disclosure of Private Facts</u>. The Defendant *doxed* the Plaintiff by saying publicly her name and that she was the person managing the twitter account @mssalinger. Doxxing is recognized as the practice of disclosing a person's identifying information on the Internet to retaliate against and harass the "outed" person. As mentioned, the goal of the Defendant with the publication of his Post was to retaliate against the Plaintiff. Additionally, the emails posted by the Defendant in his Post constitute invasion of privacy in the form of publication of private facts because: (a) they are personal and intimate and its disclosure would offend a reasonable person, even if the information is wholly true; (b) not generally known to the public; (c) not newsworthy; and (d) they were widely communicated by the Defendant in his blog.

All of the emails posted were sent to the Defendant in the context of the close relationship the plaintiff and the defendant had. This relationship started on 2009 and continued until 2015.Plaintiff contends the statement made by the Defendant that he was a "stranger" to the Plaintiff.

These emails contain private matters of the Plaintiff (including details of her sexual life), and were never intended to be disclosed to the public, as the subjects touched thereof are not a matter of public concern and were not related to the accusations the Defendant was facing.

### Estimated Length Memorandum Lenght

Plaintiff anticipates that the Memorandum opposing Summary Judgment would exceed the 20 page maximum set in Local Rule 7(e), considering the complexity of this matter and how factual based it is.

### Estimated Factual Statement Length

Plaintiff estimates that she will file about at least 70 additional statements of material fact.

### Estimated Record

Plaintiff anticipates that her Opposing Statement of Material Facts could be supported by at least 150 additional pages that will include documentary evidence provided as part of the Requests for Production of Documents and the Request for Admissions.

Respectfully submitted,

Date: April 30, 2019

   /s/ Mayra Alejandra Galdo Melendez
Mayra Alejandra Galdo Melendez
Plaintiff
Mayra.Galdo@gmail.com

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MAYRA ALEJANDRA GALDO MELENDEZ, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>GUSTAVO FAVERON PATRIAU, )<br>)<br>Defendant )<br>) | Civil Action No.: 2:18-cv-377-JAW |

CERTIFICATE OF SERVICE

I, Mayra Alejandra Galdo Meléndez, hereby certify that on the 30th day of April, 2019, filed Plaintiff's Memorandum for Local Rule 56(h) Pre-Filing Conference with the Clerk of Court using the CM/EFC system.

Date: April 30, 2019

                                                      /s/ Mayra Alejandra Galdo Melendez
                                                    Mayra Alejandra Galdo Melendez
                                                    Plaintiff
                                                    Mayra.Galdo@gmail.com